UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23381-ALTMAN

**JOHN MOORE, III**,

 *Plaintiff*,

v.

**A. OLIVER**, *et al.*,

 *Defendants*.

_____/

## ORDER

  The Plaintiff, John Moore, III, has filed a civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. Moore claims that six Defendants—officers employed at Dade Correctional Institution in Florida City, Florida—"subjected [him] to cruel and unusual punishment under the [Eighth] Amendment" and "violat[ed] [his] [First] Amendment right to petition the government for redress of grievance[s]." Compl. at 8 (cleaned up). Among other things, Moore says that several Defendants "assaulted" him by striking his "face and mouth[,]" *id.* at 6; that another Defendant "never . . . removed [him]" from a violent inmate, *id.* at 5; and that he couldn't "litigate [an] active case" after being denied the "right to [his] mail," *id.* at 13. Moore hasn't paid the filing fee or filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See generally* Docket. After careful review, we **DISMISS** Moore's Complaint under the "three-strikes" provision of 28 U.S.C. § 1915(g)

### THE LAW

  When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions of 28 U.S.C. § 1915(g)—also known as the "three-strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court

may also consider the merits to dismiss the case with prejudice instead."), *abrogated in part on other grounds by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (en banc). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, "[s]ection 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files his lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

## ANALYSIS

Our review of Moore's litigation history reveals that he's a three-striker. Before he filed his Complaint, Moore had (at least) three cases dismissed as frivolous or malicious. *See* Order, *Moore v. Att'y Gen., State of Florida*, No. 23-cv-01183 (M.D. Fla. July 17, 2023) (Byron, J.), ECF No. 10 at 4 ("[T]he Court finds that the applicable statute of limitations has run as to the instant action and that this should be dismissed as frivolous."); Order, *Moore v. Inch*, No. 19-cv-00419 (N.D. Fla. Oct. 5, 2020) (Wetherell, J.), ECF No. 14 at 2 ("This case is dismissed under 28 U.S.C. § 1915A(b)(1) [as malicious] based on Plaintiff's failure to fully disclose his litigation history." (cleaned up)); Order, *Moore v. Clemons*, No. 19-cv-04824 (N.D. Fla. Mar. 4, 2020) (Collier, J.), ECF No. 10 at 2 ("This case is dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) as malicious for Plaintiff's abuse of the judicial

process."). Since Moore "has had three previous actions dismissed as frivolous or [malicious]," he is a three-striker under § 1915(g) and must pay the filing fee. *Wright v. Polk Cnty.*, 556 F. App'x 873, 874–75 (11th Cir. 2014).

Moore (it's true) *could* avoid the three-strikes label by alleging that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To do this, however, he'd have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). He's failed to meet that standard here. For one thing, his allegations of past harm—like "suffer[ing] a black left eye" and "loss of [a] tooth," Compl. at 13—won't work, since it's well settled that "a prisoner's allegation that he faced imminent danger sometime in the past" doesn't satisfy the exception, *Medberry*, 185 F.3d at 1193. For another, Moore's general allegations of future harm—that officers threatened "further harm" and that they'd "make sure gang members would hurt" him, Compl. at 13—are insufficient because they're "not grounded in specific facts indicating that serious physical injury is imminent," *Coleman v. Dep't of Corr.*, 2008 WL 2474635, at *3 (N.D. Fla. June 13, 2008) (Vinson, J.); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with *specific* allegations . . . that a serious physical injury will result if his claims are not addressed." (emphasis added)).

Because the "imminent danger" exception doesn't apply here, Moore is subject to the three-strikes rule and can't proceed IFP. *See Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)). And, since Moore has failed to pay the filing fee, his Complaint must be dismissed. *See White*, 947 F.3d at 1377 ("[A] district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began.").

\* \* \*

We therefore **ORDER AND ADJUDGE** that John Moore, III's Complaint [ECF No. 1] is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on July 30, 2025.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   John Moore, III, *pro se*